# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SAPON, PAULINO VELASQUEZ, and JUAN MEJIA, individually and on behalf of all others similarly situated, | Case No. CV09-06241 GAF (MLGx) |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| vs. | |
| ALLIANCE TELECOMMUNICATION, INC.; SUNNY CELL; MIKE MAHER; ISMAEL MAHER; MARCUS WON; JAMAL ALMASRI; and DOES 1 through 10, inclusive, | Date:  May 17, 2010<br>Time:  1:30 p.m.<br>Ctrm:  740 – Roybal Federal Building<br>Judge:  Hon. Gary A. Feess |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

The parties hereto have acknowledged that during the court of this action certain information sought to be produced during pre-trial discovery may include "trade secrets" as the term is defined in California <u>Civil Code</u> §3426.1, customer lists, market surveys, corporation financial information and analysis, business strategies, personal financial and identifier information, information related to product development, research and releases and confidential information subject to non-disclosure by prior agreement that are not available to the public.  The parties agree that the disclosure to the public of such highly sensitive information may be detrimental to the parties' respective privacy and commercial interests.   Therefore, the parties have agreed to this the entry of the Stipulated Protective Order herein, on the terms set forth below.

1.      <u>Scope of this Order</u>.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom under the terms of this Stipulated Protective Order (hereinafter "**Order**").

2.      <u>Certification of Good Faith</u>.  By designating a document, thing, material, testimony or other information derived therefrom under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.      <u>Confidential Information</u>.  "CONFIDENTIAL" information is information which has not been made public and which concerns or relates to (a) confidential technical information, scientific data, technical drawings, plans or sketches or computer code; (b) confidential product or process information; (c) confidential business plans, forecasts, or data; (d) confidential financial plans, forecasts, or data; (e) confidential operational plans, forecasts or data; (f) confidential commercial, financial, customer, personnel or personal information, or (g) any other information deemed confidential by California or federal case law, statute or regulation.

4.      Method of Designation.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."   Stamping the legend "CONFIDENTIAL" on the cover any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5.      Testimony.  Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6.      Use of Confidential Materials.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "**Confidential Material**") shall be used only for the purpose of the prosecution, defense, settlement of this action or any related appellate proceeding, and for no other purpose.

7.      Disclosure of Confidential Materials.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to "qualified persons" designated below:

      a. A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

      b. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

      c. Outside photocopying, translation, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

      d. Court reporters employed in this action;

      e. A witness at any deposition or other proceeding in this action; and

f.   Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" identified in paragraph 7(b)-(f) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of **Attachment "A"**, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8.    Attorney's Eyes Only Material.  The parties may further designate certain discovery material or testimony comprising trade secrets of the disclosing party, and other comparable materials of a highly confidential nature as "ATTORNEY'S EYES ONLY" (hereinafter "**Attorney's Eyes Only Material**"), in the same manner described above.   Except as set forth in the following paragraph concerning disclosure of Attorney's Eyes Only Material, all other provisions in this order with respect to confidentiality also apply to Attorney's Eyes Only Material.

9.    Disclosure of Attorney's Eyes Only Material.   Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" as described in paragraph 7(b) through 7(f) above.   Any such material or information designated as Attorney's Eyes Only Material shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed in writing or ordered.

10.    Disclosure by Producing Party.   Notwithstanding the provisions of paragraph 7, this Order shall not: (a) prevent any Producing Party from using or disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate; (b) preclude any party from showing an employee, officer, or consultant of a Producing Party at a deposition of that employee, officer, or consultant any information provided by the Producing Party, or (c) preclude or limit any party from the lawful use of any information obtained from a source other than the Producing Party.

11.    No Prejudice to Separate Rights.  Acceptance of information designated as Confidential Material or Attorney's Eyes Only Material shall not constitute an admission by the Receiving Party that the information is confidential, or evidence that the

information is confidential.  This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.   Inadvertent Failure to Designate Documents.  In the event that material or information believed to be confidential, trade secret, or of a highly confidential nature, is produced or disclosed without being designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of confidentiality to which the producing party would otherwise be entitled.  As soon as practicable, the producing party shall notify all other parties in writing, by letter or electronic mail, of its inadvertent production of the material or information without the proper designation.  Upon receiving such written notification, all parties shall treat the document identified in the written notification as Confidential Material or Attorney's Eyes Only Material and all parties shall exercise best efforts and cooperate to the extent necessary to ensure such designation.

13.   Independently Discovered Materials.  Nothing herein shall impose any restrictions on use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action.  Nor does anything herein impose any restrictions on use or disclosure by a party of her/his/its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

14.   Filing under Seal.  Any party wishing to submit to the Court documents or transcripts of deposition testimony that have been designated by any party as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by a party to this action, must submit an application to file the papers, or confidential portion thereof, under seal in

accordance with Local Rule 79-5.1.  The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

15.     <u>Filing of Briefs or Declarations Containing Confidential Information</u>.  In the event that a party wishes to use any information designated under this Order as "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY" in any affidavit, brief, memorandum of law, or other paper filed in Court in this litigation, the party must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1.  The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the judge responsible for the litigation.

16.     <u>Purpose of Order</u>.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by the parties, nor of altering the confidentiality or non-confidentiality of any such document or information, nor altering any existing obligation of any party or the absence thereof.

17.     <u>Advise to Client Based on Confidential Information.</u>  Nothing in this Order shall bar any attorney herein from rendering advise to his or her client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of designation information, provided, however, that in rendering such

advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any designated information.

18.   <u>Continuing Effect</u>.   Once the case proceeds to trial, unless good cause is shown to the Court in advance of trail to proceed otherwise, information designated by the parties and/or kept and maintained pursuant to the provisions of this Order and lodged with the Court becomes public and will be presumptively available to all members of the public.

19.   <u>Discovery Objections, Claim of Privilege</u>.   It is not the intention of this Protective Order to deal with any discovery objections to produce, answer or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

20.   <u>Survival of Order</u>.   Within sixty (60) days after the final conclusion of this litigation, including all appeals all originals and reproductions of any documents produced and designated under this Order by a party shall be returned to the producing party except to the extent that there may have been entered thereon any information which constitutes any receiving party's work product in which event such documents shall be destroyed by that receiving party.   Nothing in this Order shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product after final conclusion of this litigation.

///

///

///

///

///

///

///

///

21.    <u>Treatment of Confidential Information Produced by Third Parties</u>.  If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce Confidential Material or Attorney's Eyes Only Material, such third parties may gain the protection of this Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Order and will produce documents or information pursuant to this Order, and by designating information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by the procedures prescribed in this Order.  No further order of this Court shall be necessary to extend the protection of this Order to third parties.

**IT IS SO ORDERED.**

DATE:  June 25, 2010

_____
HONORABLE MARC L. GOLDMAN
United States Magistrate Judge

## ATTACHMENT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have either read the terms of the Protective Order entered in the action of *Sapon et al. v. Alliance Telecommunication, Inc. et al.*, Case No. CV09-06241 GAF (MLGx), or have had the terms of the Protective Order explained to me by an attorney.   I agree to comply with and to be bound by all the terms of this Protective Order (the "**Order**") and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California as necessary for resolution of any matters pertaining to the Protective Order.

My address is:

_____

My telephone no. is:

_____

My email address is:

_____

DATED: _____

SIGNED: _____

PRINT NAME: _____